## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | | |
|---|---|---|
| FOSTECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00137-TWP-KMB |
| | ) | |
| ADMIRAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY AND GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Admiral Insurance Company ("Admiral") (Filing No. 18) and a Motion for Leave to File Surreply (Filing No. 32) filed by Plaintiff FosTecH, Inc. ("FosTecH"). This insurance action arises following a school shooting in 2022. Two victims of the shooting sued FosTecH, a firearms manufacturer, for violations of state and federal law. FosTecH submitted a claim to its insurer, Admiral, for defense and indemnity, but Admiral denied the claim. This action for declaratory judgment and breach of contract followed. For the following reasons, the Court **denies** FosTecH's Motion for Leave and **grants** Admiral's Motion to Dismiss.

## I.    BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of FosTecH as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). These background facts are not intended to provide a comprehensive explanation of all the facts presented in this case; rather, it provides the background relevant to the issues before the Court.

A.     **The Policy**

Admiral issued Commercial Lines Policy No. CA000047794-01 (the "Policy"), with a Policy period of January 15, 2023, to January 15, 2024, to FosTecH (Filing No. 1-4 at 4). The Insuring Agreement for the Policy states:

> a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
> * * *
>
> b.     This insurance applies to "bodily injury" and "property damage" only if:
>
> (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" . . . .

*Id.* at 9.

The Policy contains several exclusions, three of which are at issue: the Failure to Comply with Firearm-Related Laws Exclusion (the "Firearm Laws Exclusion"); the Products Sold in Violation of Governmental Statute, Regulation or Ruling Exclusion (the "Governmental Statute Exclusion"); and the Designated Products Exclusion.

The Firearm Laws Exclusion provides:

> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or injunctive relief, including costs or expenses, actually or allegedly arising out of, related to, caused by, contributed to by, or in any way connected with actual, alleged or threatened past, present or future claims arising in whole or in part, either directly or indirectly, out of the failure of any insured to fully comply with any and all applicable federal, state and local laws, regulations, rules and guidance documents governing the manufacture, production, importation, distribution, sale and/or transfer of firearms, firearm parts, firearm accessories or ammunition . . . .

*Id.* at 55.

The Governmental Statute Exclusion provides:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" including costs or expenses, actually or allegedly arising out of, related to, caused by, contributed to by, or in any way connected with the sale of:

1.      "Your product" . . . in violation of any governmental statute, regulation or ruling.

*Id.* at 64. "Your product" means "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by" FosTecH, others trading under FosTecH's name, or a person or organization whose business or assets FosTecH has acquired. *Id.* at 26.

Lastly, the Designated Products Exclusion precludes coverage for "'bodily injury' or 'property damage' included in the 'products-completed operations hazard' and arising out of any of 'your products' shown in the Schedule." *Id.* at 29. The Schedule includes, among others, "Fully Automatic Firearms" and "Bump fire stocks, slide-fire devices and devices with similar characteristics allowing the user of a semi automatic firearm to initiate a continuous firing cycle with a single pull of the trigger." *Id.*

## B.    **The Underlying Lawsuit**

On April 22, 2022, a shooter opened fire on children and parents at the Edmund Burke School in Washington, D.C. (Filing No. 1 ¶ 24). Tragically, several people were injured, including Karen Lowy ("Lowy"), who was shot in her car while waiting to pick up her daughter (Filing No. 1-2 at 2), and Antonio Harris ("Harris"), a school security guard who was shot while rushing children back into the building (Filing No. 1-3 at 2).

In fall 2023, Lowy and Harris (the "Underlying Plaintiffs") each filed a lawsuit against FosTecH, among others, in the District Court for the Eastern District of Virginia. The two actions

were later consolidated into one[1] (the "Underlying Lawsuit"). The Underlying Plaintiffs generally alleged that FosTecH unlawfully marketed its products to mentally unstable young men, like the school shooter, who would foreseeably use those products in mass shootings (Filing No. 1 ¶¶ 28–35). They specifically claimed that "the shooter purchased firearm products, including a [FosTecH] TECH-15 [rifle], which he then used with other products to build a custom 'weapon'" that he used in the school shooting. *Id.* ¶ 27.

The Underlying Plaintiffs asserted four claims against FosTecH: (i) violation of the Virginia False Advertising Statute, Va. Code Ann. § 18.2-216; (ii) violation of the Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-196–207; (iii) violation of the National Firearms Act, 26 U.S.C. §§ 5801–72; and (iv) violation of the Virginia Uniform Machine Gun Act, Va. Code Ann. §§ 18.2-288–98. *Id* ¶ 23; (Filing No. 1-2 at 61, 73, 83–84).[2]

The defendants in the Underlying Lawsuit, including FosTecH, moved to dismiss the action. In July 2024, the district court granted the defendants' motion and dismissed the case. The plaintiffs appealed the dismissal to the Fourth Circuit Court of Appeals, which remains pending.[3]

**C.    Claim Denial and Procedural History**

FosTecH submitted a claim to Admiral for defense and indemnity against the Underlying Lawsuit. On November 21, 2023, Admiral denied coverage (Filing No. 1 ¶ 50). In its denial letter, Admiral asserted that the claims in the Underlying Lawsuit are excluded from coverage under the Firearm Laws, Governmental Laws, and Designated Products Exclusions, and that the Policy does

---

[1] *Lowy v. Daniel Defense, LLC*, No. 1:23-cv-1338 (E.D. Va. 2023); *Harris v. Daniel Defense, LLC*, No. 1:23-cv-1505 (E.D. Va. 2023); Order Granting Pls.' Mot. Consolidate, *Lowy*, No. 1:23-cv-1338 (E.D. Va. 2023), Dkt. 155.

[2] Because Lowy and Harris's complaints are substantively identical, the Court cites only Lowy's complaint.

[3] Mem. Opinion & Order, *Lowy*, No. 1:23-cv-1338 (E.D. Va. 2024), Dkt. 242; *Lowy v. Daniel Defense, LLC*, No. 24-1822 (4th Cir. 2024).

not provide coverage because the conduct alleged in the Underlying Lawsuit do not constitute an "occurrence" as defined in the Policy. *Id.* ¶¶ 52–55; (Filing No. 1-5).

FosTecH initiated this action in October 2024, seeking declaratory judgment as to Admiral's duties to defend and indemnify FosTecH and alleging breach of the Policy. *Id.* ¶¶ 57–83. Admiral filed the instant Motion to Dismiss in November 2024, arguing that the Policy unambiguously does not provide coverage for the Underlying Lawsuit (Filing No. 18). The parties filed their response and reply briefs, and then FosTecH moved for leave to file surreply (Filing No. 32). The Motion to Dismiss and Motion for Leave are now both ripe for the Court's review.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must

include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation modified). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.    DISCUSSION

The Court addresses FosTecH's Motion for Leave and Admiral's Motion to Dismiss in turn.

### A.    FosTecH's Motion for Leave to File Surreply

FosTecH requests leave to file a surreply in opposition to Admiral's Motion to Dismiss to respond to Admiral's "new argument and case law" regarding "the disjunctive use of 'allegedly or actually' in the prefatory language of the subject policy's exclusions." (Filing No. 32 at 2). Admiral did not respond to FosTecH's Motion for Leave, and the time to do so has passed.

"The purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, No. 09-cv-340, 2010 WL 1258052, at *2 (S.D. Ind. Mar. 25, 2010) (citation modified). The Court's local rules provide that "[n]ew arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, No. 14-cv-63, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015) (citation modified). "Courts allow a surreply brief only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response." *Lawrenceburg Power, LLC v. Lawrenceburg Mun. Utils.*, 410 F. Supp. 3d 943, 949 (S.D. Ind. 2019).

A review of the parties' briefing shows that Admiral did not raise new arguments in its reply brief. Admiral's citation to caselaw regarding the meaning of "or" in the phrase "actually or

allegedly" was an appropriate reply to FosTecH's response brief, which argues, in part, that the claims in the Underlying Lawsuit do not fall within the Firearm Laws Exclusion because they do not show an *actual* violation of firearm-related laws. Admiral did not object to evidence or raise new arguments or evidence in the reply brief, which are the two grounds upon which a surreply is permitted. In this case, Admiral simply replied to FosTecH's response argument and supplied additional authority to support the permissible and proper reply argument. FosTecH's Motion for Leave to File Surreply is therefore **denied**.

**B.    Admiral's Motion to Dismiss**

Admiral argues that the Complaint should be dismissed because the Policy unambiguously does not provide coverage for the claims in the Underlying Lawsuit, and Admiral therefore does not owe defense or indemnity duties for those claims. Specifically, Admiral contends the claims are excluded from coverage by the Policy's Firearm Laws Exclusion, Governmental Statute Exclusion, and Designated Products Exclusion, and because the conduct alleged in the Underlying Lawsuit is not an "occurrence" under the Policy. The Court will first address Admiral's argument regarding the Firearm Laws Exclusion, which is dispositive.

The parties agree that Indiana law governs the interpretation of the Policy, including the Firearm Laws Exclusion. *See Officer v. Chase Ins. Life & Annuity Co.*, 541 F.3d 713, 715 (7th Cir. 2008) ("When sitting in diversity, we must apply the substantive law of the state as we believe the highest court of that state would apply it."). Under Indiana law, an insurance contract "is subject to the same rules of interpretation as are other contracts." *Morris v. Econ. Fire & Cas. Co.*, 848 N.E.2d 663, 666 (Ind. 2006) (citation modified). When the contract language is clear and unambiguous, it should be given its plain meaning. *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 528 (Ind. 2002). FosTecH does not argue that the Firearm Laws Exclusion is ambiguous, and the Court finds no ambiguity in it. The Court therefore gives the Firearm Laws Exclusion its plain and

ordinary meaning. *See Ind. Ins. Co. v. DeZutti*, 408 N.E.2d 1275, 1278, 1281 (Ind. Ct. App. 1980) (applying "broad, unambiguous, and all-inclusive" exclusion to preclude coverage).

Admiral contends that the claims in the Underlying Lawsuit alleging FosTecH's violation of the Virginia False Advertising Statute, Virginia Consumer Protection Act, National Firearms Act, and Virginia Uniform Machine Gun Act all fall squarely within the Firearm Laws Exclusion (Filing No. 19 at 15–18). FosTecH, on the other hand, alleges that the Firearm Laws Exclusion does not preclude coverage because the Underlying Plaintiffs "***do not*** allege that FosTecH failed to comply with laws, regulations, rules, or guidance documents governing the manufacture, production, importation, distribution, sale, and/or transfer of firearms, firearm parts, firearm accessories or ammunition." (Filing No. 1 ¶ 42 (emphasis in original)).

On its face, FosTecH's assertion is contradicted by the pleadings in the Underlying Lawsuit, as well as other allegations in FosTecH's Complaint.[4] *See id.* ¶ 23 ("The Lowy-Harris Plaintiffs have asserted four claims against FosTecH, to wit: (i) Violation of Virginia's False Advertising Statute, (ii) Violation of Virginia's Consumer Protection Act, (iii) Negligence *Per Se* Violation of 26 U.S.C. § 5801 *et seq.*, and (iv) Negligence *Per Se* violation of Va. Code Ann. § 18.2-288 *et seq.*"); *id.* ¶ 30 ("The Lowy-Harris Plaintiffs have alleged that Fostech violated the Virgina [*sic*] False Advertising Statute . . . ."); *id.* ¶ 32 ("The Lowy-Harris Plaintiffs also have alleged that Fostech violated the Virginia Consumer Protection Act . . . ."); *id.* ¶ 34 ("The Lowy-Harris Plaintiffs allege that FosTech violated the National Firearms Act ('NFA') and Virginia Uniform Machine Gun Act . . . .").

---

[4] *See also* Mem. Law Supp. Mot. Dismiss of Defs. at 10, *Lowy*, No. 1:23-cv-1338 (E.D. Va. 2023), Dkt. 73 ("Plaintiffs have sought to allege claims against the Movants for alleged violation of the Virginia False Advertising Statute, alleged violation of the Virginia Consumer Protection Act, and negligence *per se* for alleged violation of the National Firearms Act and the Virginia Uniform Machine Gun Act.").

Despite this apparent contradiction, FosTecH argues that the claims in the Underlying Lawsuit do not "allege" a violation of firearm-related laws because: the complaints do not contain sufficient facts to allege violations of the National Firearms Act or Virginia Uniform Machine Gun Act; and the Virginia False Advertising Statute and Virginia Consumer Protection Act do not govern the sale of firearms. The Court rejects both arguments and addresses each in turn.

**1. Factual Allegations Regarding Violations of National Firearms Act and Virginia Uniform Machine Gun Act**

FosTecH first asserts that the complaints in the Underlying Lawsuit fail to allege facts that could establish a violation of the National Firearms Act or Virginia Uniform Machine Gun Act, so they do not "allege" a violation of those laws for purposes of the Firearm Laws Exclusion (Filing No. 1 ¶ 34 ("The Lowy-Harris Plaintiffs . . . do not allege any facts that would constitute a violation thereof.")); *id.* ¶ 53(g) ("The Plaintiffs in the Lowy-Harris Action do not allege a single fact against FosTecH that could constitute a violation of a law governing the distribution, sale, and/or transfer of firearms."); (Filing No. 26 at 19–20 (arguing that the FosTecH weapon used in the shooting is not a "machine gun" under the Virginia Uniform Machine Gun Act)). Stated differently, FosTecH argues that the complaints in the Underlying Lawsuit do not "allege" claims under the National Firearms Act or Virginia Uniform Machine Gun Act because they lack sufficient factual allegations to establish a plausible claim for relief under those statutes.

As Admiral notes, FosTecH's argument relates to the merits of the underlying claims, (Filing No. 31 at 13–14). In determining whether an insurance policy provides coverage for underlying claims, the merits of those claims do not matter. "It is the underlying nature of the claim, not its merits, that establishes the insurer's duty to defend." *Nat'l Fire & Cas. Co. v. W. By & Through Norris*, 107 F.3d 531, 535 (7th Cir. 1997) (citation modified) (applying Indiana law); *see Home Fed. Sav. Bank v. Ticor Title Ins. Co.*, 695 F.3d 725, 731 (7th Cir. 2012) ("The duty to

defend depends on what the claimant alleges, not the ultimate merit or lack of merit of the claim.") (applying Indiana law); *City of Gary v. Auto-Owners Ins. Co.*, 116 N.E.3d 1116, 1121 (Ind. Ct. App. 2018) ("To determine whether an insurer has a duty to defend, we compare the underlying factual allegations of the complaint with the relevant provisions of the insurance policy."); *Transamerica Ins. Servs. v. Kopko*, 570 N.E.2d 1283, 1285 (Ind. 1991) ("When the nature of the claim is obviously not covered by the policy of insurance, there is no duty to defend.").

The complaints in the Underlying Lawsuit plainly allege (inadequately or otherwise) injuries arising from FosTecH's alleged violations of the National Firearms Act and Virginia Uniform Machine Gun Act (Filing No. 1-2 at 83–84). Whether the Underlying Plaintiffs could show "actual" violations of those laws is entirely irrelevant. The Firearm Laws Exclusion precludes coverage for claims of actual *or* alleged violations alike[5] (Filing No. 1-4 at 55 (applying to injuries "actually *or allegedly*" arising out of "actual, *alleged*, or threatened" claims of an insured's failure to fully comply with firearm-related laws (emphases added))). For the same reason, the fact that the claims in the Underlying Lawsuit were dismissed is immaterial in determining whether the Firearm Laws Exclusion applies, since the dismissal does not change the nature of the claims.

The complaints in the Underlying Lawsuit clearly allege bodily injuries "actually or *allegedly*" arising out of, related to, or connected with "actual, *alleged* or threatened . . . claims arising . . . out of the failure of [FosTecH] to fully comply with any and all applicable federal, state and local law . . . governing the manufacture, . . . sale and/or transfer of firearms, firearm parts,

---

[5] FosTecH's assertion that the Firearm Laws Exclusion requires that "an insured must violate a federal, state or local law" (Filing No. 26 at 18) is incorrect and based on a misreading of the plain language of the Exclusion.

firearm accessories or ammunition." (Filing No. 1-4 at 55 (emphases added)). The Firearm Laws

Exclusion therefore unambiguously applies to all claims in the Underlying Lawsuit.[6]

## 2. __Application of the Virginia Consumer Protection Act and the Virginia False Advertising Statute to Firearms__

Second, FosTecH argues that the Firearm Laws Exclusion "plainly cannot operate to

exclude coverage for the Underlying Plaintiff's claims under the Virginia Consumer Protection Act

and the Virgina [*sic*] False Advertising Act because those statutes do not govern the manufacturing

or sale of firearms." (Filing No. 26 at 18). FosTecH fails to support this argument with any analysis

or authority, effectively waiving it. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-*

*Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments

are waived, as are arguments unsupported by legal authority."); *Boomer v. AT&T Corp.*, 309 F.3d

404, 422 n.10 (7th Cir. 2002) (stating that where party fails to support position with any legal

analysis or citation, the argument is waived); *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir.

2000) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by

pertinent authority, are waived.").

Even if not waived, this argument is unpersuasive. FosTecH is correct that the Virginia

Consumer Protection Act and Virginia False Advertising Statute do not govern the sale of *just*

firearms. However, these statutes govern *all* consumer sales, which includes the sale of firearms,

firearm parts, and firearm accessories. *See* Va. Code Ann. § 18.2-216(A) (governing

"advertisement[s] of any sort regarding *merchandise*, securities, service, land, lot *or anything* so

offered to the public" (emphasis added)); Va. Code Ann. § 59.1-198, -200 (prohibiting wide range

---

[6] Although FosTecH 's response brief argues only that the Underlying Plaintiffs "did not allege any specific facts that would constitute a violation of the *NFA or the VUMBGA*," (Filing No. 26 at 17 (emphasis added)), and does not raise this argument as to the claims under the Virginia Consumer Protection Act or Virginia False Advertising Statute, the Court's reasoning and conclusion applies equally to all claims in the Underlying Lawsuit.

of "fraudulent acts of practices committed by a supplier *in connection with a consumer transaction*," including practices regarding the advertisement and/or sale of "goods"; defining "consumer transaction" as including the "advertisement, sale, lease, license, or offering for sale, lease, or license, *of goods* or services to be used primarily for personal, family, or household purposes" (emphases added)). These statutes therefore "govern[] the manufacture, production, importation, distribution, sale and/or transfer of firearms, firearm parts, firearm accessories or ammunition." (Filing No. 1-4 at 55).

The Court therefore concludes that the Firearm Laws Exclusion unambiguously applies to all claims in the Underlying Lawsuit and precludes coverage under the Policy. Accordingly, FosTecH's Complaint fails to state any claim against Admiral upon which relief may be granted, and FosTecH's claims must be **dismissed**. *See, e.g.*, *Harleysville Lake States Ins. Co. v. Carl E. Most & Son, Inc.*, No. 22-cv-1822, 2024 WL 3105833 at * 11 (S.D. Ind. June 24, 2024) ("Without a right to coverage under the insurance contract, there can be no contractual breach.").

Because application of the Firearm Laws Exclusion is dispositive, the Court need not address Admiral's alternative arguments regarding the Governmental Laws and Designated Products Exclusions and the definition of "occurrence."

### IV.   CONCLUSION

For the reasons explained in this Order, Plaintiff FosTecH, Inc.'s Motion for Leave to File Surreply (Filing No. 18) is **DENIED**, and Defendant Admiral Insurance Company's Motion to Dismiss (Filing No. 32) is **GRANTED**. Because no amount of revision could cure the Complaint's legal deficiencies, FosTecH's claims are **DISMISSED with prejudice**.[7]

---

[7] "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed . . . [unless] amendment would be futile or otherwise unwarranted." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519, 520 (7th Cir. 2015). FosTecH does not seek leave to amend in its response brief, but regardless, amendment would be futile.

Final Judgment will issue under separate order.

**SO ORDERED**.

Date:    9/24/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Holly Rice
Saxe Doernberger & Vita, P.C.
hrice@sdvlaw.com

Todd D. Small
Frost Brown Todd LLP
tsmall@fbtlaw.com

Kevin Edward Steele
BURKE COSTANZA & CUPPY LLP
steele@bcclegal.com

Jeffrey Vita
Saxe Doernberger & Vita, P.C.
jvita@sdvlaw.com

David William Walulik
Frost Brown Todd LLP
dwalulik@fbtlaw.com